E-FILED
Friday, 25 September, 2026 11:34:05 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURTS**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **LEKEDRIEON RUSSELL,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-3248-SEM-DJQ** |
| | ) | |
| **PAULA CROUCH, *et al.*,** | ) | |
| **Defendants.** | ) | |

# ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Lekedrieon Russell, proceeding *pro se* and currently in custody at the Sangamon County, Illinois, Jail, filed a Complaint (#1) on July 31, 2026. The Complaint alleges that correctional officer Banks threatened to spit in Plaintiff's food. Plaintiff names as Defendants: Banks, Sangamon County Sheriff Paula Crouch, Chief Deputy John Hayes, Lieutenant Brown, Warden Beck, Lieutenant Conrad, Sangamon County, and the Sangamon County Sheriff's Office. The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of his claims.

## BACKGROUND

Plaintiff alleges that on July 1, 2026, Defendant Banks told Plaintiff that Banks would spit in Plaintiff's food and that Plaintiff should "watch what [he] eat[s] next time." Plaintiff continues: "Also targeted me days after taunting me[.] I put multiple grievances in about how I feel unsafe & nothing's been done."

## ANALYSIS

Pursuant to 28 U.S.C. § 1915A, the Court must "screen" Plaintiff's complaint and, through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. In reviewing a complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422

(7th Cir. 2013) (citation omitted).

In the Seventh Circuit, verbal abuse alone may constitute cruel and unusual punishment in violation of the Eighth Amendment, though only in particularly egregious circumstances. *Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015) ("Simple or complex, most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment. But some does."); *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) ("Repugnant words . . . will seldom rise to an Eighth Amendment violation."). Specifically, name-calling, or other isolated, "fleeting" instances of verbal abuse "too limited to have an impact" do not violate the Eighth Amendment. *Beal*, 803 F.3d at 358.

But Plaintiff is a pretrial detainee, not a prisoner, so the Eighth Amendment does not apply to him. *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005). Rather, Plaintiff's claim arises under the Fourteenth Amendment. See *Wilson v. Williams*, 83 F.3d 870, 875 (7th Cir. 1996). Such a claim turns on an objective reasonableness analysis, wherein a plaintiff may ultimately prevail by showing that the challenged actions "are not rationally related to

a legitimate nonpunitive governmental purpose or that the actions appear excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (cleaned up). The Seventh Circuit has made clear that this objective standard applies to *all* Fourteenth Amendment conditions-of-confinement claims. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019).

Banks' threat to spit in Plaintiff's food clearly does not relate to any legitimate nonpunitive governmental purpose. There is no objectively reasonable basis for making such a threat. Plaintiff has therefore stated a Fourteenth Amendment claim against Banks.

As for the myriad other named Defendants, Plaintiff has not alleged that any other individual was personally involved in the deprivation of his constitutional rights. See *Whitfield v. Spiller*, 76 F.4th 698, 706 (7th Cir. 2023) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). Nor has Plaintiff made any allegations that might support a *Monell* claim. To the extent Plaintiff intended to bring any claims against these other Defendants, those claims must be dismissed.

**IT IS THEREFORE ORDERED:**

1. Pursuant to its review, the Court finds that Plaintiff's Complaint states a claim against Defendant Banks for objectively unreasonable conditions of confinement under the Fourteenth Amendment. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. The Clerk is directed to DISMISS all other defendants from this case.

4. The Clerk is directed to effect service of process on Defendant Banks pursuant to the Court's standard procedures.

5. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6. The Court will attempt service on Defendant by mailing waivers of service to him. Defendant has sixty (60) days from the

date the waiver is sent to file an answer. If Defendant has not filed an answer or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

7. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8. Defendant shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by

Defendant. Therefore, no response to the answer is necessary or will be considered.

9. This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

10. Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

11. Plaintiff shall immediately notify the Court, in writing, of

any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12. If Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

13. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

ENTERED September 25, 2026.

s/ *Sue E. Myerscough*

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**